GEORGE FITZGERALD, for the ufe of MOOR and
JOHNSTON, v. ANDREW CALDWELL, furvivor of
JAMES CALDWELL, his late co-partner.

A SUIT had been brought in the court of Common
Pleas of *Philadelphia*, to *September* term, 1787, by
*Fitzgerald*, for the ufe of *Moor* and *Johnfton*, againft *A.
Caldwell*, and removed into the Supreme court of *Sep-
tember* term, 1787, on a note given to *Fitzgerald*, as
agent of one *Vance*, for a debt due to *Vance*. The note
was transferred to *Moor* and *Johnfton*, for a debt due to
them, by *Vance*. At the fuit of other creditors of *Vance*
foreign attachments were iffued againft him, and the
debt, for which the note had been given, was attached
by them in the hands of *Caldwell*; who pleaded this to
the fuit on the note which was then referred to referees,
to report what fum was due by *Caldwell* to *Vance*, and
what to *Fitzgerald*; fubject to the opinion of the court,
on a cafe to be ftated, or, if no cafe fhould be agreed on,
to the determination of the court and a jury, fo far as ref-
pected the attachments pleaded. The referees reported
3778*l.* 11*s.* 1*d.* due to *Vance*; or 5705*l.* 12*s.* 3*d.*, due
to *Fitzgerald*. There was judgment on this report:
but both were fet afide, by agreement, and the matter
referred back to the fame perfons; who then reported
4016*l.* 9*s.* 4*d.* due to *Vance*, or 5009*l.* 5*s.* 1*d.* to *Fitz-
gerald*. On this report, judgment *nifi* was entered, for
5009*l.* 5*s.* 1*d.*: and, on 2d *January*, 1792, " it was
agreed by the parties, that the judgment rendered, for
the fum found by the referees, be abfolute; but fhall
await the trial of the attachments, and, if any thing

*I 4*

fhould be recovered thereon, againft *Caldwell*, the fame fhall be defalked out of the faid fum, for which judgment was rendered, as aforefaid, and execution fhall iffue for the refidue only." One of the attachments having been tried, and the jury having found (as the debt had been previoufly affigned), that *Caldwell* had no property of *Vance's* in his hand ; there was judgment on that verdict. Whereupon, on motion, that, the money having been tied up in *Caldwell's* hand, by attachment, no intereft fhould be charged on it; the Supreme court ordered, that *Caldwell* be difcharged from the faid judgment, on the payment of 4016*l.* 9*s.* 4*d.* viz. the principal fum found due to *Vance* by the faid report of the referees. To reverfe this order, and have the effect of the judgment for 5009*l.* 5*s.* 1*d.* a writ of error was brought in behalf of the plaintiff, to remove the record into the high court of Errors and Appeals. Here it was argued, in *July* term, 1793, by *Tilghman, Wilcocks*, and *Lewis*, for the plaintiff ; and by *Sergeant, M'Kean*, and *Ingerfoll*, for the defendant.

On 18th *July*, 1793, the prefident delivered the opinion of the high court of Errors and Appeals, reverfing the order of the Supreme court, for leffening the judgment; and affirming the judgment for 5009*l.* 5*s.* 1*d.*

The following are fhort notes, which I took of his argument——

The firft agreement of reference is a leading feature in the caufe, accurately expreffed ; well underftood by parties, counfel, and court ; approved by the court, and put on the record; binding all, and to be enforced not infringed by the court.

All this was done, fo far, by court, referees, and parties.

But a cafe remained to be ftated and argued, and decided by the court, or to be tried and determined by the court and jury. It is the province of a jury, to fettle facts ; of a court, to declare the law. The verdict, on the *fcire facias* in the attachment, found nothing in the hands of the defendant. Of courfe, at the time of the motion, and the order of court, no defalcation was to be made, under the fecond agreement. The judgment was for the fum due to *Fitzgerald*. The court order defendant to be difcharged, on payment of the principal fum, or that found due to *Vance*.

1793.

The firſt agreement gave no ſuch authority for this order. For no caſe had been ſtated, and no trial by jury had been had. The exceptions to the firſt report were not, that intereſt ſhould not be paid on money attached, nor that the agreement was miſunderſtood, nor that judgment was entered *niſi*, on the wrong ſum. The queſtion of intereſt on money attached was not ſubmitted to the referees, and could be no part of their report, nor, of courſe, of the judgment on the report.

Neither the firſt nor the ſecond agreement, nor any thing appearing on the record warrant the judges of the Supreme court, to leſſen the judgment entered :—And the conſent of the parties to enter it reſtrained them. Yet, without any reaſon appearing, they have changed the judgment entered by conſent, and made a new one, at another term, than that in which it was entered.

If courts can do this, trials by jury or reference, and judgment by confeſſion, will be a nullity, when without any reaſon appearing, a court will diſcharge a defendant for a leſs ſum. If they may diſcharge for a leſs, they may refuſe to diſcharge but for a greater. This order is to be taken in the nature of a judgment, being deciſive on the rights of the parties : and to ſay, that, becauſe it is not in the form or expreſſion of a judgment, when it has all the effect of one, therefore, it is not a judgment, and no writ of error lies on it, would leave courts at liberty to do that informally and covertly, which they could not do openly and regularly.

We mean not to ſay, that a court cannot, in any caſe, after judgment, prevent a party from recovering more under it, than the judgment gave him. We have nothing to do with the queſtion of intereſt on attached money. We look only to the record ; and it, from the deliberate conſent of the defendant, bound up the court from doing what has been done.

The judgment, therefore, of this court is, that the laſt decretal order of the Supreme court be reverſed; the judgment given for 5009*l.* 5*s.* 1*d.* and coſts be affirmed ; and the record be remitted into the Supreme court, that juſtice be done thereon.